An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL D.S. EDWARDS,
Appellant,
vs.
HEALTHY BODY IMAGING CENTERS;
RAMON SAN NICOLAS; AND
MICHAEL NAPOLI,
Respondents.

No. 63294

**FILED**

JAN 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court summary judgment in a consumer protection action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant filed a complaint alleging that respondents made telephone calls to appellant in violation of the Telephone Consumer Protection Act (TCPA) and various other consumer protection statutes. Respondents filed a motion for summary judgment, arguing that any potential violations of the statutes were committed by a third party. The district court granted summary judgment in respondents' favor, finding that appellant failed to put forth any evidence demonstrating the existence of genuine factual issues, and this appeal followed.

This court directed pro se respondents Ramon San Nicolas and Michael Napoli to file civil response statements addressing several specific issues raised in the appeal. Only Mr. Napoli filed a response; however, his response did not address the issues identified by this court.[1]

---

[1]Mr. Napoli's response statement indicates that he believes he has been incorrectly named by appellant because he has never had any ownership interest in Healthy Body Imaging Centers and was in no way involved in contacting potential clients. These are issues that must be raised in the district court.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01777

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting his claims. NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31.

Having reviewed appellant's opening brief and the record on appeal, we conclude that the district court erred in granting summary judgment in respondents' favor. In their motion for summary judgment, respondents argued that they did not violate any of the statutes relied upon by appellant in his complaint because they did not place the phone calls at issue to appellant, nor did they control the means or method by which the contact with appellant was made. Respondents contended that they had contracted with a third party for marketing, who in turn subcontracted with a company, named Holiday Tours, that made the phone calls to appellant. In his opposition to the motion for summary judgment, however, appellant argued that genuine issues of material fact remained regarding Healthy Body Imaging Centers' liability for the alleged TCPA violations.

Appellant specifically argued that a seller can be held liable for TCPA violations committed by third-party telemarketers based on principles of agency. Under federal law, a person can sue for damages for do-not-call violations "by or on behalf of" a company. 47 U.S.C. § 227(c)(5) (2013). In addition, the Federal Communications Commission has noted

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that the purpose of the Telephone Consumer Protection Act would be thwarted if sellers were permitted to hide behind the illegal acts of their authorized telemarketers, who may be located offshore or judgment proof, but allowed to benefit from the acts of those telemarketers. *In re Dish Network, LLC*, 28 FCC Rcd 6574, 6588-89 (2013) (declaratory ruling). Appellant also contended that the phone calls at issue in his complaint were made before the date of the marketing contract that respondents relied on in their summary judgment motion, and thus, genuine issues of material fact remained regarding whether Holiday Tours in fact made the calls to appellant and whether Healthy Body Imaging Center may be directly liable to appellant for the calls under the consumer protection statutes.

Based on the foregoing, we conclude that appellant adequately demonstrated that genuine issues of material fact remain regarding whether respondents are liable to appellant under the consumer protection statutes for the phone calls at issue. The district court therefore erred in entering summary judgment in respondents' favor. *See* NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Rob Bare, District Judge
Paul D.S. Edwards
Healthy Body Imaging Centers
Michael Napoli
Ramon San Nicolas
Eighth District Court Clerk